**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORDSTROM, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>REPUBLIC OF FRENDS, INC., et al.,<br><br>                            Defendant. | Case No.:  17-CV-0444 W (MDD)<br><br>**ORDER AUTHORIZING LIMITED JURISDICTIONAL DISCOVERY** |

Plaintiff Nordstrom, Inc. ("Nordstrom") filed this action on March 6, 2017, invoking the jurisdiction of the Court pursuant to 28 U.S.C. § 1332. (*Compl.* [Doc. 1] ¶ 9.)

On March 8, 2017, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for lack of subject matter jurisdiction. (*OSC* [Doc. 3].) As discussed in the OSC, "Nordstrom does not allege facts from which the Court may infer the citizenship of Defendant Family of Frends, LLC." (*Id.* [Doc. 3] 2:11–16.) Instead, the Complaint merely alleges that "Nordstrom is informed and believes that Family is a Delaware limited liability company with its principal place of business in New York, New York . . . . Nordstrom is informed and believes that none of the members of Family are citizens of Washington." (*Compl.* [Doc. 1] ¶ 3.)

//

1

Nordstrom responded to the OSC on March 22, 2017. (*OSC Response* [Doc. 4].) The OSC response details a diligent search for the members of Defendant Family of Frends LLC ("Family") on the part of Nordstrom, which was ultimately unsuccessful. (*See id.* [Doc. 4] 2:1–17.) This search included contacting Family's registered agent for service of process, named in its certificate of formation filed with the Delaware Secretary of State. This agent, named National Corporate Research Ltd., "refused to identify the members of the LLC." (*Id.*)

Jurisdictional "[d]iscovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.' " Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). "[D]iscovery [related to subject matter jurisdiction] should be granted when . . . the jurisdictional facts are contested or more facts are needed." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

Here, more facts are needed to establish the citizenship of Defendant Family. Jurisdictional discovery is appropriate under the circumstances. Nordstrom identifies six proposed interrogatories that it seeks to serve on Family. (*See OSC Response* [Doc. 4] 4:4–19.) The first five[1] are as follows:

> 1) Identify all members of Family of Frends, LLC on the date of the filing of the Original Complaint;

---

[1] The sixth, which reads "[f]or each member identified in these interrogatories, provide the street address you use to communicate with each one[,]" would not appear necessary to confirm the existence of diversity jurisdiction. See 28 U.S.C. § 1332.

As Nordstrom does not demonstrate how this information relates to the issue at hand, it is not authorized to serve this interrogatory on Defendant Family at this time.

2

2) For each individual identified in the immediately preceding interrogatory, provide the state where that person was domiciled on the date of the filing of the Original Complaint, i.e., the place the person resided with the intent to remain;

3) For each corporation identified in response to Interrogatory No. 1, provide the state of its incorporation and its principal place of business on the date of the filing of the Original Complaint;

4) For each partnership identified in response to Interrogatory No. 1 state the domicile of each partner on the date of the filing of the Original Complaint;

5) For each limited liability company, identified in response to Interrogatory No. 1, state the domicile, state of incorporation, and principal place of business of each member on the date of the filing of the Original Complaint;

(*OSC Response* [Doc. 4] 4:4–19.)

Good cause appearing, Nordstrom is hereby authorized to serve the foregoing five interrogatories on Defendant Family. Upon conclusion of the foregoing discovery, Nordstrom shall timely amend its OSC response.

**IT IS SO ORDERED.**

Dated: March 30, 2017

Hon. Thomas J. Whelan
United States District Judge