**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORDSTROM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC OF FRENDS, INC., et al.,<br><br>Defendants. | Case No.: 17-CV-0444 W (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 10]** |

    Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

//
//
//
//
//
//
//
//

## I. BACKGROUND

The Complaint alleges the following facts. Plaintiff Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business in Washington. (*See Compl*. [Doc. 1] ¶ 1.) Defendant Republic of Frends, Inc. ("Republic") is a California corporation with its principal place of business in California. (*See id.* [Doc. 1] ¶ 2.) Defendant Family of Frends, LLC ("Family") is a limited liability company whose sole member is Defendant Keir Dillon ("Dillon"), a citizen of California.[1] (*See Guy Decl.* [Doc. 11-1] ¶ 2; *Special Interrogatory Responses* [Doc. 11-2].)

In or around April of 2013, Nordstrom entered into a business arrangement with Republic to sell Republic's headphones in Nordstrom stores. (*Compl*. [Doc. 1] ¶ 12.) On September 2, 2015, Nanci Bergman, Republic's Director of Sales, informed Nordstrom that Republic had changed its name to "Family of Frends, LLC." (*See id*. [Doc. 1] ¶ 14.) As Family, Republic requested to keep the same vendor number, and directed Nordstrom to send future payments and purchase orders to a new address. (*See id.*) Nordstrom confirmed the change via a Payment Change Form sent to Republic. (*See id.* [Doc. 1] ¶ 15.) Republic's Chief Executive Officer, Dillon, later returned the form to Nordstrom with the company name listed as "Family of Frends, LLC." (*Id.*)

In or around September, 2015, Nordstrom decided to stop doing business with Republic, now called Family. (*See Compl*. [Doc. 1] ¶ 16.) Between September of 2015 and January of 2016, it began returning the unsold merchandise to the new address provided for the Family entity in the Payment Change Form. (*Id.*) When Family received the merchandise accompanied by statements of account from Nordstrom, it made no mention to Nordstrom that the merchandise was being returned to the wrong location. (*See id*. [Doc. 1] ¶¶ 16–17.) Pursuant to Nordstrom's contract with Republic,

---

[1] As this fact is extrinsic to the Complaint, the Court does not take it into account in deciding the motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

2

Nordstrom made a demand for a refund for the returned merchandise in the amount of $246,217.56. (*See id.* [Doc. 1] ¶ 18.) Republic refused to comply on the basis that the merchandise was incorrectly returned to Family's address, not that of Republic. (*See id.*) Since then, Nordstrom has made repeated unsuccessful demands for a refund, both to Republic and to Family. (*See id.*)

On March 6, 2017, Nordstrom filed this action against Family, Republic, and Dillon. (*Compl.* [Doc. 1].)

Against Republic, Nordstrom alleges: (1) breach of written contract; (2) account stated; (3) open book account; (4) fraud by intentional misrepresentation; (5) fraud by concealment; (6) negligent misrepresentation; (7) civil conspiracy; and (8) negligence. (*Compl.* [Doc. 1] ¶¶ 20–32, 42–69.) Republic has not yet appeared in this action.

Against Family, Nordstrom alleges: (1) account stated; (2) open book account; (3) quantum meruit; (4) unjust enrichment; (5) fraud by intentional misrepresentation; (6) fraud by concealment; (7) negligent misrepresentation; (8) civil conspiracy; and (9) negligence. (*Compl.* [Doc. 1] ¶¶ 25–69.)

Against Dillon, Nordstrom alleges: (1) fraud by intentional misrepresentation; (2) fraud by concealment; (3) negligent misrepresentation; and (4) civil conspiracy. (*Compl.* [Doc. 1] ¶¶ 42–65.)

Defendants Family and Dillon move to dismiss all claims against Dillon, and six of the nine claims against Family: (1) account stated; (2) open book account; (3) fraud by intentional misrepresentation; (4) fraud by concealment; (5) negligent misrepresentation; and (6) civil conspiracy. (*See Defs.' Mot.* [Doc. 10] 2:3–12.) Nordstrom opposes. (*Pl.'s Opp'n* [Doc. 12].)

On July 25, 2017, the Court ordered parties to file supplemental briefing on the issue of whether California's alter ego doctrine could apply in the absence of a parent/subsidiary relationship between the parties. (*July 25, 2017 Order* [Doc. 25].) Parties filed responsive briefs on August 1 and 8, 2017, respectively. (*Pl.'s Suppl. Brief* [Doc. 16]; *Defs.' Suppl. Brief* [Doc. 17].)

## II. Legal Standard

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (as amended).

## III. DISCUSSION

### A. Account Stated and Open Book Account—California's Alter Ego Doctrine

Defendants move to dismiss the first and second causes of action against Family, for account stated and open book account, respectively, on the ground that Plaintiff does not allege the requisite elements as to Family because Family is a separate entity from

Republic—the only entity that had any contract with or debt to Nordstrom. (*See Defs.' Mot.* [Doc. 10-2] 4:4–6:6.) Plaintiff, on the other hand, contends that the Court should invoke the alter ego doctrine, thereby treating Family and Republic as one and the same for the purpose of imposing legal liability. (*Pl.'s Opp'n* [Doc. 12] 4:17–8:15.)

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests." Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 300 (1985) (internal citation omitted). Per California law, two conditions must be satisfied before a Court will invoke the alter ego doctrine. "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist." Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000). Second, "there must an inequitable result" if the acts in question are treated as those of separate entities. See id.

> **"Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other."**

Id. (quoting Roman Catholic Archbishop v. Superior Court, 15 Cal. App. 3d 405, 411 (1971)). Conclusory allegations of alter-ego status are insufficient. A plaintiff must allege facts to support both elements. See Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).

> **[W]hen a court disregards the corporate entity, it does not dissolve the corporation. "It is often said that the court will disregard the 'fiction' of the corporate entity, or will 'pierce the corporate veil.' Some writers have criticized this statement, contending that the corporate entity is not a fiction, and that the doctrine merely limits the exercise of the corporate privilege to prevent its abuse."**

Mesler, 39 Cal. 3d at 300 (quoting 6 Witkin, Summary of Cal. Law (8th ed. 1974) Corporations, § 5, p. 4317).) " 'The law of this state is that the separate corporate entity will not be honored where to do so would be to defeat the rights and equities of third persons.' " Id. at 301 (quoting Kohn v. Kohn, 95 Cal. App. 2d 708, 720 (1950)).

The essence of the alter ego doctrine is that justice be done. "What the formula comes down to, once shorn of verbiage about control, instrumentality, agency, and corporate entity, is that liability is imposed to reach an equitable result." Id. (internal quotation omitted).

"Generally, alter ego liability is reserved for the parent-subsidiary relationship. However, under the single-enterprise rule, liability can be found between sister companies." Las Palmas Assocs. v. Las Palmas Ctr. Assocs., 235 Cal. App. 3d 1220, 1249 (1991).

> **" 'In effect what happens is that the court, for sufficient reason, has determined that though there are two or more personalities, there is but one enterprise; and that this enterprise has been so handled that it should respond, as a whole, for the debts of certain component elements of it. The court thus has constructed for purposes of imposing liability an entity unknown to any secretary of state comprising assets and liabilities of two or more legal personalities; endowed that entity with the assets of both, and charged it with the liabilities of one or both."**

Id. at 1249–50 (quoting 2 Marsh's Cal. Corp. Law (3d ed. 1990) § 16.23, p. 1416 (internal quotation omitted)). In response to the Court's July 25, 2017 order on this issue, Defendants submitted that they "do not dispute that the alter ego doctrine can be used *in principle* to impose liability against corporations that are not in a parent/subsidiary relationship." (*Defs.' Suppl.' Brief* [Doc. 17] 1:27–2:1.)

Nordstrom alleges that Family and Republic: (1) were in business distributing an identical product; (2) shared an identical vendor identification number; (3) operated under the same purchase order with Nordstrom; (4) purposefully informed Nordstrom that they were the same entity; and (5) that the two entities share the same CEO, Dillon. (*Compl.* [Doc. 1] ¶¶ 12–15.) The Court must accept these allegations of fact as true at this stage in the proceedings. See Iqbal, 556 U.S. at 678. They give rise to a reasonable inference of such a unity of interest and ownership between Family and Republic that the two entities' separate personalities do not in reality exist, and that an inequitable result would lie if the Court allowed them to escape liability through the use of their separate forms. See Sonora, 83 Cal. App. 4th at 538. In short, the Complaint's factual allegations

6

are sufficient to raise Plaintiff's theory of alter ego liability under the single enterprise rule above the speculative level. See Las Palmas Assocs., 235 Cal. App. 3d at 1249; Twombly, 550 U.S. at 555.

Defendants' motion to dismiss the second and third causes of action, as alleged against Family, will be denied.

### B. Rule 9(b)

Defendants contend that Plaintiff's sixth, seventh, eighth, and ninth causes of action against both defendants—for intentional misrepresentation, fraud by concealment, negligent misrepresentation, and civil conspiracy, respectively—all fail to satisfy the fraud pleading standard of Rule 9(b). (*See Defs.' Mot.* [Doc. 10-2] 6:7–10:8.)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). A plaintiff must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107.

Fraud pleading must be sufficient to give defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 428–29 (9th Cir. 2001)). Those circumstances must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation omitted). "The complaint must specify such

7

facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

The Rule 9(b) pleading standard applies to all averments of fraud in federal court, irrespective of whether the cause of action requires a plaintiff to plead or prove fraud. See Vess, 317 F.3d at 1103–04.

Plaintiff's allegations within the relevant causes of action allege fraud, but do not afford Defendants the opportunity to do much more than deny that they have done anything wrong. Plaintiff pleads fraud by intentional misrepresentation and negligent misrepresentation by alleging that "[t]he defendants represented to Nordstrom that an important fact was true," (*Compl.* [Doc. 1] ¶¶ 42–47, 54–59) fraud by concealment by alleging that "[t]he defendants disclosed some facts to Nordstrom but intentionally failed to disclose other important facts[,]" (*id.* [Doc. 1] ¶¶ 48–53), and civil conspiracy by alleging that "[t]he defendants and each of them knowingly and willfully conspired and agreed among themselves to misrepresent to Nordstrom the nature of the relationship between them." (*Id.* [Doc. 1] ¶¶ 60–65.) These causes of action all incorporate paragraphs 11 through 19 from the introductory portion of the Complaint. (*See id.* [Doc. 1] ¶¶ 42, 48, 54, 60.) These paragraphs contain a number of representations, and it is far from clear what representations form the basis for Plaintiff's causes of action, or how they are false or misleading. See Vess, 317 F.3d at 1107; Fed. R. Civ. P. 9(b).

Defendants' motion to dismiss Plaintiff's sixth, seventh, eighth, and ninth causes of action as to both Family and Dillon will be granted.

//
//
//
//
//
//
//

8

## IV. CONCLUSION & ORDER

In light of the foregoing, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** [Doc. 10.]

Specifically, Defendants' motion to dismiss the second and third causes of action, as alleged against Family, is denied.

The motion to dismiss the sixth, seventh, eighth, and ninth causes of action, as alleged against both Family and Dillon, is granted.

Plaintiff will have leave to amend the Complaint.[2] Any amended pleading must be filed on or before **Monday, September 11, 2017**.

**IT IS SO ORDERED.**

Dated: August 28, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[2] "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).