# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORDSTROM, INC., <br> Plaintiff, <br> v. <br> REPUBLIC OF FRENDS, INC., et al., <br> Defendants. | Case No.: 17-CV-0444 W (MDD) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 22]** |

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 22.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** Defendants' motion.

//
//
//
//
//
//
//
//

## I. BACKGROUND

The First Amended Complaint ("FAC") alleges the following facts. Plaintiff Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business in Washington. (*See FAC* [Doc. 19] ¶ 1.) Defendant Republic of Frends, Inc. ("Republic") is a California corporation with its principal place of business in California. (*See id.* [Doc. 19] ¶ 2.) Defendant Family of Frends, LLC ("Family") is a limited liability company whose sole member is Defendant Keir Dillon ("Dillon"), a citizen of California. (*See id.* [Doc. 19] ¶¶ 3–4.)

In or around April of 2013, Nordstrom entered into a business arrangement with Republic to sell Republic's headphones in Nordstrom stores. (*FAC* [Doc. 19] ¶ 12.) On September 2, 2015, Nanci Bergman, Republic's Director of Sales, told Nordstrom that Republic had changed its name to "Family of Frends." (*See id.* [Doc. 19] ¶¶ 14–15.) As Family, Republic requested to keep the same vendor number, and directed Nordstrom to send future payments and purchase orders to a new address. (*See id.*) Nordstrom confirmed the change via a Payment Change Form sent to Republic. (*See id.* [Doc. 19] ¶ 15.) Republic's Chief Executive Officer, Dillon, later returned the form to Nordstrom with the company name listed as "Family of Frends, LLC." (*Id.*)

In or around September, 2015, Nordstrom decided to stop doing business with Republic, now ostensibly called Family. (*See FAC* [Doc. 19] ¶ 16.) Between September of 2015 and January of 2016, it began returning the unsold merchandise to the new address provided for the Family entity in the Payment Change Form. (*Id.*) When Family received the merchandise accompanied by statements of account from Nordstrom, it made no mention to Nordstrom that the merchandise was being returned to the wrong location. (*See id.* [Doc. 19] ¶¶ 16–17.) Pursuant to Nordstrom's contract with Republic, Nordstrom made a demand for a refund for the returned merchandise in the amount of $246,217.56. (*See id.* [Doc. 19] ¶ 18.) Republic refused to comply on the basis that the merchandise was incorrectly returned to Family's address, not that of Republic. (*See id.*)

Since then, Nordstrom has made repeated unsuccessful demands for a refund, both to Republic and to Family. (*See id.*)

On March 6, 2017, Nordstrom filed this action against Family, Republic, and Dillon. (*Compl.* [Doc. 1].)

Against Republic, Nordstrom alleges: (1) breach of written contract; (2) account stated; (3) open book account; (4) fraud by intentional misrepresentation; (5) fraud by concealment; (6) negligent misrepresentation; (7) civil conspiracy; and (8) negligence. (*FAC* [Doc. 19] ¶¶ 20–32, 42–66.) Republic has not yet appeared in this action.

Against Family, Nordstrom alleges: (1) account stated; (2) open book account; (3) quantum meruit; (4) unjust enrichment; (5) fraud by intentional misrepresentation; (6) fraud by concealment; (7) negligent misrepresentation; (8) civil conspiracy; and (9) negligence. (*FAC* [Doc. 19] ¶¶ 25–66.)

Against Dillon, Nordstrom alleges: (1) fraud by intentional misrepresentation; (2) fraud by concealment; (3) negligent misrepresentation; and (4) civil conspiracy. (*FAC* [Doc. 19] ¶¶ 42–62.)

Defendants Family and Dillon move to dismiss the following causes of action, against both Family and Dillon: (1) fraud by intentional misrepresentation; (2) fraud by concealment; (3) negligent misrepresentation; and (4) civil conspiracy. (*See Defs.' Mot.* [Doc. 22].) Nordstrom opposes. (*Pl.'s Opp'n* [Doc. 23].)

//
//
//
//
//
//

3

17-CV-0444 W (MDD)

## II. Legal Standard

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (as amended).

### B. Fraud Pleading and Fed. R. Civ. P. 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

4

the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). A plaintiff must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107.

Fraud pleading must be sufficient to give defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 428–29 (9th Cir. 2001)). Those circumstances must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.' " Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

The Rule 9(b) pleading standard applies to all averments of fraud in federal court, irrespective of whether the cause of action requires a plaintiff to plead or prove fraud. See Vess, 317 F.3d at 1103–04.

## III. DISCUSSION

### A. Specificity in Fraud Pleading

Defendants move to dismiss Plaintiff's sixth, seventh, eighth, and ninth causes of action against both Family and Dillon—for intentional misrepresentation, fraud by concealment, negligent misrepresentation, and civil conspiracy, respectively—on the ground that they all fail to satisfy the fraud pleading standard of Rule 9(b). (*See Defs.' Mot.* [Doc. 22-2] 4:12–8:26.)

//
//

5

The Court's prior order held the following as to the fraud causes of action within the original Complaint:

> **Plaintiff's allegations within the relevant causes of action allege fraud, but do not afford Defendants the opportunity to do much more than deny that they have done anything wrong. Plaintiff pleads fraud by intentional misrepresentation and negligent misrepresentation by alleging that "[t]he defendants represented to Nordstrom that an important fact was true," (*Compl.* [Doc. 1] ¶¶ 42–47, 54–59) fraud by concealment by alleging that "[t]he defendants disclosed some facts to Nordstrom but intentionally failed to disclose other important facts[,]" (*id.* [Doc. 1] ¶¶ 48–53), and civil conspiracy by alleging that "[t]he defendants and each of them knowingly and willfully conspired and agreed among themselves to misrepresent to Nordstrom the nature of the relationship between them." (*Id.* [Doc. 1] ¶¶ 60–65.)**

(*Aug. 28, 2017 Order* [Doc. 22-2] 8:6–15.) It concluded:

> **These causes of action all incorporate paragraphs 11 through 19 from the introductory portion of the Complaint. (*See id.* [Doc. 1] ¶¶ 42, 48, 54, 60.) These paragraphs contain a number of representations, and it is far from clear what representations form the basis for Plaintiff's causes of action, or how they are false or misleading. See Vess, 317 F.3d at 1107; Fed. R. Civ. P. 9(b).**

(*Id.* [Doc. 22-2] 8:15–19.)

The FAC has corrected this deficiency. Every cause of action sounding in fraud within the FAC contains numerous specific factual allegations elucidating in detail which allegedly fraudulent representations support which causes of action—together with specific explanations of how they are alleged to be false. (*See FAC* [Doc. 19] ¶¶ 43, 47, 53, 58.) This satisfies Rule 9(b).

Nonetheless, in a misguided assertion that Plaintiff has not corrected its earlier pleading deficiency, Defendants now contend that "the factual allegations against both Family and Dillon are almost a verbatim copy of the allegations in the original Complaint." (*Defs.' Mot.* [Doc. 22-2] 5:14–16.[1]) They argue that "[j]ust as in their original Complaint, the FAC completely fails to identify how any of their identified statements are fraudulent." (*Id.* [Doc. 22-2] 4:28–5:1.) This is not correct.

---

[1] This portion of the motion cites to the introductory paragraphs of the FAC and Complaint. The Court did not identify a problem with the introductory paragraphs in the relevant portion of its prior order. (*See August 28, 2017 Order* [Doc. 18] 7:7–8:21.) And Defendants do not identify any problem with them here.

By way of example, the original Complaint's sixth cause of action, for fraud by intentional misrepresentation, alleged that "[t]he defendants represented to Nordstrom that an important fact was true." (*Compl.* [Doc. 1] ¶ 43.) The analogous portion of the FAC alleges the following:

> **43.     The defendants represented to Nordstrom that important facts were true when they knew the representations were false or were recklessly made and without regard for their truth, including but not limited to:**
>
> a. **Bergman's representation to Nordstrom that the change from Republic of Frends to Family of Frends was only a name change, when in reality Republic, Family, and Keir Dillon were trying to create a separate entity in Family who could piggyback on and exploit the pre-existing relationship between Republic and Nordstrom;**
> b. **Bergman's representation to Nordstrom that Republic had a new address, when in reality Republic maintained its previous address and the new address provided to Nordstrom was actually the address for Family, who republic, Family, and Keir Dillon claim is a separate entity that is unwilling to be bound to the terms of the Agreement, including but not limited to reimbursing Nordstrom for the merchandise returned to Family at the new address provided by Bergman;**
> c. **Nanci Bergman's representation to Nordstrom that Nordstrom could submit all future Purchase Orders and payments to Family as if Family would now be accepting and processing Nordstrom's purchase orders and operating under the same terms of the Agreement that Republic previously operated on, including but not limited to Nordstrom being entitled to reimbursement from Family for all merchandise returned to Family, when in reality Family had no intention of complying with the terms of the Agreement, including but not limited to reimbursing Nordstrom for the merchandise returned to Family;**
> d. **Dillon's representation to Nordstrom in the Payment Change Form that Republic was now named "Family of Frends, LLC," when in reality Republic, Family, and Keir Dillon were trying to create a separate entity in Family who could piggyback on and exploit the pre-existing relationship between Republic and Nordstrom;**
> e. **Dillon's representation to Nordstrom in his September 2, 2015 email that he was confirming and authorizing that Republic was now called Family, when in reality Republic, Family, and Keir Dillon were trying to create a separate entity in Family who could piggyback on and exploit the pre-existing relationship between Republic and Nordstrom.**

(*FAC* [Doc. 19] ¶ 43.) This pattern repeats itself through all of Plaintiff's fraud causes of action, with each providing detailed descriptions of the representations forming the bases for the respective claims, together with how they are alleged to be false. (*See id.* [Doc. 19] ¶¶ 47, 53, 58.) Plaintiff has rectified the pleading deficiency identified in the prior order.

Defendants' motion to dismiss Plaintiff's fraud claims on the ground that they fail to meet the pleading standard of Rule 9(b) will be denied.

### B. Justifiable Reliance

Defendants move to dismiss the sixth cause of action, for fraud by intentional misrepresentation against both Family and Dillon, on the ground that the FAC does not sufficiently allege the element of justifiable reliance. (*Defs.' Mot.* [Doc. 22-2] 5:19–24.)

"It is settled that a plaintiff, to state a cause of action for deceit based on a misrepresentation, must plead that he or she actually relied on the misrepresentation." Mirkin v. Wasserman, 5 Cal. 4th 1082, 1088 (1993). This reliance must be justifiable. Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 974 (1997), as modified (July 30, 1997). "According to the Restatement of Torts, '[r]eliance upon a fraudulent misrepresentation is not justifiable unless the matter misrepresented is material . . . . The matter is material if . . . a reasonable [person] would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question . . . .' " Charpentier v. Los Angeles Rams Football Co., 75 Cal. App. 4th 301, 312–13 (1999) (quoting Restatement (Second) of Torts § 538 (1977)). "But materiality is a jury question, and a 'court may [only] withdraw the case from the jury if the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.' " Id. (quoting Restatement (Second) of Torts § 538, com. e).

Defendants argue that "[n]owhere in the [sixth] claim does Plaintiff allege that [its] reliance was justified." (*Defs.' Mot.* [Doc. 22-2] 5:19–24.) But the FAC's allegations belie this contention. Facts alleged relate to communications to Plaintiff from Republic's Director of Sales and its CEO as to matters central to the business relationship between the parties—including an affirmative misrepresentation that Republic and Family were the same entity. (*See FAC* [Doc. 19] ¶¶ 14–15, 47.) These matters are not "so obviously

8

unimportant" that a jury could not find them able to influence a reasonable person. See Charpentier, 75 Cal. App. 4th at 312–13.

Defendants' motion to dismiss Plaintiff's sixth cause of action on the ground that it has not alleged facts sufficient to support a finding of justifiable reliance will be denied.

### C. Duty to Disclose

Defendants move to dismiss the seventh cause of action, for fraud by concealment against both Family and Dillon, on the ground that the FAC does not sufficiently allege a duty to disclose the concealed facts.[2] (*Defs.' Mot.* [Doc. 22-2] 6:23–7:4.)

" '[T]he rule has long been settled in this state that although one may be under no duty to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure.' " Mktg. W., Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 613 (1992) (quoting Rogers v. Warden, 20 Cal. 2d 286, 289 (1942)) (internal quotation omitted).

The FAC alleges, *inter alia*, that Republic's Director of Sales and its CEO[3]: (1) represented to Nordstrom that Republic was changing its name to Family; (2) failed to disclose that the two entities were not, in fact, one and the same; and (3) provided a new address that was to be used in further dealings with Nordstrom. (*See FAC* [Doc. 19] ¶¶ 14–15, 47.) The FAC further alleges that Family was silent when it accepted the returned merchandise at the new address, without then reimbursing Nordstrom. (*FAC* [Doc. 19] ¶¶ 17–19, 47.) These allegations are enough to establish a duty to disclose, at minimum,

---

[2] Defendants are not specific as to which material facts they argue they lacked a duty to disclose.

[3] Republic's CEO is also allegedly the sole member of Family. (*FAC* [Doc. 19] ¶ 3.)

9

the disparity between the two companies, and any known problems with the address provided to Nordstrom.[4] [5]  See Sanyo Fisher (USA) Corp., 6 Cal. App. 4th at 613.

Defendants' motion to dismiss the seventh cause of action on the ground that Plaintiff does not sufficiently allege a duty to disclose will be denied.

IV. **CONCLUSION & ORDER**

In light of the foregoing, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 6, 2017

_____
Hon. Thomas J. Whelan
United States District Judge

---

[4] Defendants contend that "the FAC does not specifically plead how Dillon and Family's statements regarding a change in payment for future orders gave rise to a duty to *re-affirm* the return address . . . ." (*Defs.' Mot.* [Doc. 22-2] 7:6–8 (emphasis added).)  This evinces a misreading of both the factual allegations in the FAC, and the applicable law.

[5] Defendants argue that Republic's interactions with Nordstrom cannot give rise to a duty to disclose on the part of Family, and vice versa. (*See Defs.' Mot.* [Doc. 22-2] 6:23–7:4.)  They do not distinguish these circumstances from the application of California's alter ego doctrine, per the law of the case.

The Court has previously held that the allegations against both entities "give rise to a reasonable inference of such a unity of interest and ownership between Family and Republic that the two entities' separate personalities do not in reality exist, and that an inequitable result would lie if the Court allowed them to escape liability through the use of their separate forms." (*Aug. 28, 2017 Order* [Doc. 18] 6:19–7:3.)